EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360,
Las Vegas, NV 89101
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**MAILING ADDRESS**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Secured Creditor MTGLQ Investors, LP

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA - LAS VEGAS DIVISION

| | |
|---|---|
| In re<br><br>ELLEN J. ROSS<br><br>Debtor. | BK-S-13-14261-MKN<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF MTGLQ INVESTORS, LP'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Confirmation Hearing:<br>Date: June 1, 2016<br>Time: 9:30 AM |

This Stipulation Re: Treatment of MTGLQ Investors, LP's Claim Under Debtor's Proposed Chapter 11 Plan of Reorganization (the "Stipulation") is entered into by and between Secured Creditor, MTGLQ Investors, LP ("Creditor"), by and through its attorneys of record, and Ellen J. Ross, the Debtor and Debtor-In-Possession herein (the "Debtor"), by and through her attorneys of record.

The property which is the subject of this matter is commonly known as 220 East Shelbourne Av, Las Vegas, NV  89123 (hereinafter the "Subject Property").

On or about November 22, 2002, Debtor executed a promissory note in the principal sum of $94,971.00 (the "<u>Note</u>"), which was made payable to Wells Fargo Home Mortgage, Inc.

The Note is secured by a deed of trust (the "<u>Deed of Trust</u>") encumbering the Subject Property. Creditor is currently in possession of the Note, which is indorsed in blank. The Note and Deed of Trust shall be collectively referred to as the "Claim".

On May 15, 2013, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and was assigned Bankruptcy Case No. BK-S-13-14261-MKN.

THE PARTIES STIPULATE AS FOLLOWS:

1. Creditor shall have an unmodified Claim, which shall be controlled by the terms and provisions in the Note and Deed of Trust. Debtor agrees not to propose a Chapter 11 Plan (the "<u>Plan</u>") that would seek to alter or modify the legal, equitable, and contractual rights of Creditor's Claim under the Note and Deed of Trust. Creditor's Claim shall be impaired pursuant to 11 U.S.C. §1124 only to the extent to provide for the cure of any contractual arrears on the Claim, as outlined herein. To the extent Creditor has commenced any foreclosure proceedings against the Subject Property, including recording a Notice of Default and/or Notice of Sale prior to the Bankruptcy, those documents shall remain in full force and effect until the Debtor has fully cured the arrears as set forth herein.

2. The Debtor acknowledges and agrees that as of the filing of this Stipulation, Creditor's Claim against the Subject Property is fully secured, and includes arrears in the amount of $8,728.52. Debtor shall tender monthly payments of $363.69 to cure said arrears, commencing May 1, 2016, and continuing until April 1, 2018, when all such outstanding amounts are to be paid in full.

3. Effective immediately, Debtor shall pay any and all property taxes for the Subject Property when due and obtain and maintain real property insurance for the Subject Property that is also in accordance with any requirements set forth in the Deed of Trust. Debtor agrees to provide Creditor proof of insurance in accordance with the Note and Deed of Trust and upon request by Creditor. In the event Debtor fails to timely pay taxes and insurance for the Subject Property, Creditor retains the right to pay those amounts and establish an escrow account.

4. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust, which are incorporated herein by this reference, shall govern the treatment of Creditor's Claim.

5. Debtor acknowledges and agrees that Section 8.7 of the Debtor's Plan shall have no force or effect as to Creditor, its successors and/or assigns. This Section shall not apply to treatment of Creditor's Claim. The treatment of Creditor's Claim shall exclusively be controlled by this Stipulation and the provisions of the Note and Deed of Trust

6. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via first class mail to Debtor at 214 E Shelbourne Ave, Las Vegas, NV 89123 and to Debtor's attorney of record, provided the Debtor's bankruptcy remains active, Steven L Yarmy, 7464 W. Sahara Avenue, Las Vegas, NV 89117, indicating the nature of default. If Debtor fails to cure the default with certified funds after passage of fifteen (15) calendar days from the date said written notice is placed in the mail, then the Automatic Stay shall terminate and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court. This provision shall only be effective prior to the closing of the bankruptcy case, either administratively or finally. Should the Debtor default under the terms of this Stipulation and/or Chapter 11 Plan after the case is closed, Creditor may proceed to foreclose its security interest under the terms of the Note, Deed of Trust and applicable state law.

7. The acceptance or rejection by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

8. In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. In the event the Debtor defaults under this Stipulation and Creditor forwards a 15-day default letter to Debtor, Debtor shall be required to pay Creditor's attorneys' fees and costs incurred for each default letter submitted, in addition to the default amount stated therein, in

order to cure the default. Any notice of default that Creditor provides Debtor and/or Debtor's attorneys pursuant to this Stipulation shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

10. At the request and discretion of the Creditor, Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

12. The terms of this Stipulation shall constitute the complete and entire treatment of Creditor's Claim and may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon or any modification thereof without the express written consent of the Creditor. The above terms of this Stipulation shall be deemed incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. The Debtor shall file an amended Chapter 11 plan and/or confirmation order that incorporates the terms of this Stipulation and attach a copy of this Stipulation as an exhibit to the amended plan and/or confirmation order. The Debtor's failure to comply with this provision shall constitute a default under the terms of the Stipulation. In the event of a conflict between this Stipulation and Debtor's Chapter 11 Plan, confirmation order or any amendments or modifications thereof, the terms of this Stipulation shall control.

13. In the event Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, to be paid at the rate and terms provided for under the Note and Deed of Trust, and the automatic stay shall be terminated without further notice, order or proceeding of the Court.

14. In the event the Debtor asserts Creditor has failed to properly update its system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtor shall be required to provide written notice of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP, at 4375 Jutland

1  Drive, Suite 200, San Diego, CA 92177, as well as electronically at ejimenez@aldridgepite.com
2  and ecfnvb@aldridgepite.com, indicting the nature of the alleged lack of compliance. If Creditor
3  fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the
4  Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said
5  written notice (the "Meet and Confer Period") Debtor may proceed with filing the appropriate
6  motion in bankruptcy court seeking Creditor's compliance. However, provided Creditor has in
7  good faith sought to remedy Debtor's grievance during the Meet and Confer Period, Debtor shall
8  not request nor be entitled to an award of their attorneys' fees and costs as a result of filing said
9  motion.

10  15.  Except as expressly provided herein, the Debtor waives any and all claims, causes
11  of action, whether known or unknown, he currently has against Creditor, and its respective
12  agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of
13  the Note and Deed of Trust (collectively the "Loan"), successors and assigns in relation to the
14  Loan referenced herein and any and all agreements which exist between them regarding or
15  relating to the Loan prior to the date of this Stipulation. This waiver includes Debtor's right to
16  object to Creditor's Claim. The Debtor also releases Creditor and its respective agents, parents,
17  affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan,
18  successors and assigns from any liability in relation to the Loan prior to the date of this
19  Stipulation.
20  /./.
21  /./.
22  /./.
23  /./.
24  /./.
25  /./.
26  /./.
27  /./.
28  /./.

16. In exchange for the forgoing, this Stipulation shall constitute a ballot voting in favor of the Debtor's Chapter 11 Plan of Reorganization for the Claim.

Dated: April 14, 2016            /s/ Steven L. Yarmy_____
                                 STEVEN L YARMY
                                 Attorney for the Debtor

Dated: April 7, 2016             ALDRIDGE PITE, LLP


                                 /s/ Eddie Jimenez_____
                                 EDDIE JIMENEZ
                                 Attorneys for MTGLQ Investors, LP